FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 OCT -4  AM 10: 37

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LEE ANDREW STEELE, JR. | CIVIL ACTION |
| VERSUS | NO. 04-2557 |
| DR. JERRY THOMAS, ET AL. | SECTION "E" (3) |

## REPORT AND RECOMMENDATION

Plaintiff, Lee Andrew Steele, Jr., a state prisoner, filed this *pro se* civil action pursuant to 42 U.S.C. § 1983 against Dr. Jerry Thomas, Kathleen McGinnis, James D. Miller, Kay Turnage, Linda Regon, Melissa Verdia, Wayne Seal, and Richard Stalder.  In his complaint, plaintiff claimed that he was denied adequate medical care, "equal treatment," equal protection, and due process while incarcerated at the Washington Correctional Institute in Angie, Louisiana.

Defendants Thomas, McGinnis, Miller, Turnage, Seal, and Stalder filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).[1]  Plaintiff was ordered to file a memorandum in opposition to defendants' motion on or before March 16, 2005.[2]  In direct violation of this Court's order, plaintiff filed no such memorandum.

---

[1]   Rec. Doc. 7.  Defendants Regon and Verdia did not join in that motion, presumably because they have not been served.  See Rec. Docs. 4 and 5.

[2]   Rec. Doc. 9.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

In their motion, defendants argued that they were entitled to qualified immunity and further requested that, at a minimum, plaintiff be required to file a <u>Schultea</u> reply.  <u>See</u> <u>Schultea v. Wood</u>, 47 F.3d 1427 (5th Cir. 1995).  On June 22, 2005, that request was granted, and petitioner was ordered to file a <u>Schultea</u> reply on or before July 15, 2005.  In that order, the undersigned explained:

> In that reply, plaintiff should explain why he believes defendants are not entitled to qualified immunity with respect to the claims against them.  Plaintiff's reply should also set forth the factual basis for his claims against each defendant.  **In other words, plaintiff should explain what <u>specific</u> actions <u>each</u> defendant took, or failed to take, which violated plaintiff's constitutional rights.**[3]

Again, in violation of this Court's order, plaintiff filed no such reply.

In February 2005, petitioner was transferred from the Washington Correctional Institute, where the claims in this lawsuit arose, to the Elayn Hunt Correctional Center.[4]  In light of that fact, perhaps plaintiff simply lost interest in this lawsuit.  However, regardless of the underlying reason, plaintiff has disobeyed this Court's orders that he file a memorandum in opposition to the motion to dismiss by March 16, 2005, and that he file a <u>Schultea</u> reply by July 15, 2005.  Moreover, other than filing a change of address in February 2005, he has taken no action to prosecute this lawsuit since it was filed in September 2004.  In light of those facts, the Court finds that plaintiff's complaint should be dismissed for failure to prosecute.

The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear.  <u>Link v. Wabash R.R.</u>, 370 U.S. 626 (1962); <u>McCullough v. Lynaugh</u>, 835 F.2d 1126 (5th Cir. 1988).  The Federal Rules of Civil Procedure specifically provide that a Court may,

---

[3]    Rec. Doc. 10 (emphasis in original).

[4]    Rec. Doc. 8.

in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the Court and that such a dismissal is considered to be an adjudication on the merits. Fed.R.Civ.P. 41(b). The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. Ramsay v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976).

Because plaintiff is proceeding *pro se*, the Court need only consider his conduct in determining whether dismissal is proper under Rule 41(b). In this case, the Court finds that dismissal is appropriate based on plaintiff's failure to (1) obey this Court's order that he file a memorandum in opposition to the motion to dismiss by March 16, 2005, (2) obey this Court's order that he file a Schultea reply by July 15, 2005, (3) acknowledge or respond to those orders in any fashion, (4) provide proper service information for the unserved defendants, and (4) take any action, other than filing a change of address some six months ago, to prosecute this lawsuit in any manner.

This only question is whether plaintiff's complaint should be dismissed with or without prejudice. Clearly, this Court has either option. Callip v. Harris County Child Welfare Department, 757 F.2d 1513, 1519 (5th Cir. 1985). Nevertheless, the United States Fifth Circuit Court of Appeals has held that dismissal with prejudice is reserved for only the most egregious circumstances where this is a clear record of delay or contumacious conduct attributable directly to the plaintiff himself, there is actual prejudice to the defendant, or the delay was caused by intentional conduct. Id.; see also Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1191 (5th Cir. 1992). Additionally, before

employing a dismissal with prejudice, the Court should first determine that lesser sanctions would be ineffective. See Berry, 975 F.2d 1191; Callip, 757 F.2d at 1519.

While it is the opinion of the undersigned that dismissal with prejudice would be appropriate in this case because the delay and intentional disobedience of this Court's orders are attributable directly to plaintiff himself, as well as the fact that lesser sanctions would likely be futile with this particularly vexatious plaintiff,[5] the Court will nevertheless recommend that the dismissal be without prejudice for two reasons. First, defendants would suffer no prejudice from such a dismissal. Second, the relief defendants sought in their motion, i.e. dismissal pursuant to Rule 12(b)(6), would also have resulted in a dismissal without prejudice.[6]

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

It is **FURTHER RECOMMENDED** that defendants' motion to dismiss be **DENIED AS MOOT**.

---

[5]   Plaintiff is well known to this Court, in that his previous two lawsuits were dismissed as frivolous and/or for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2). Steele v. Hall, Civil Action No. 04-2349 "C"(2) (E.D. La. Apr. 4, 2005); Steele v. Spears, Civil Action No. 03-3552 "T"(3) (E.D. La. Sept. 22, 2004).

[6]   "Where ... *pro se* pleadings cannot pass the test for a cognizable claim, the proper course for the district court is to dismiss the complaint without prejudice so that if there are facts that may be alleged to support the conclusory allegations, the *pro se* plaintiff with potentially valid claims will have an opportunity to amend his pleadings and have his day in court." Mills v. Criminal District Court # 3, 837 F.2d 677, 679-80 (5th Cir. 1988); see also Good v. Allain, 823 F.2d 64, 67 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 29 day of _____, 2005.

_____
DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE

5